PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN GEORGE, | ) | |
| | ) | CASE NO. 4:17CV2322 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| YOUNGSTOWN STATE UNIVERSITY, *et al.*, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) | |
| | ) | [Resolving ECF Nos. 61 & 62] |

Pending before the Court are Plaintiff's Motion for Reconsideration of Grant of Summary Judgment and Denial of Motion for Leave to File Supplemental Complaint (ECF No. 62) and Defendants' Motion for Taxation of Costs (ECF No. 61). For the below reasons, the Court grants in part Plaintiff's motion for reconsideration and grants Defendants' motion for taxation of costs.

**I.**

Rule 59(e) allows district courts to alter, amend, or vacate a prior judgment. *See Huff v. Metro. Life Insur. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)). It permits district courts to amend judgments where there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an

(4:17CV2322)

intervening change in controlling law; or (4) a need to prevent manifest injustice." *Am. Civil Liberties Union v. McCreary Cty.*, 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

The Sixth Circuit has explained that "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard*, 533 F.3d at 475. *See also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1988). Indeed, "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard*, 533 F.3d at 475 (quoting *Sault Ste. Marie Tribe*, 146 F.3d at 374). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court. *Huff*, 675 F.2d at 122; 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure §* 2810.1 (3d ed.).

Plaintiff moves the Court for reconsideration of three issues. Plaintiff argues the Court, on summary judgment, erred in finding no causal connection between his termination and any protected activity due to lack of temporal proximity. Plaintiff also contends the Court erred in finding Plaintiff abandoned his claim for failure to hire into the position of Lecturer, School of Technology - First Year Engineering Technology. Finally, Plaintiff avers the Court erred in denying Plaintiff's Motion to Supplement Complaint (ECF No. 52). Defendants opposed Plaintiff's motion (ECF No. 63), and Plaintiff replied (ECF No. 64).

2

(4:17CV2322)

### A. Temporal Proximity

Plaintiff challenges the Court's granting of summary judgment as to his Title VII retaliation claim for non-renewal of his employment contract due to the lack of temporal proximity between YSU's first opportunity to retaliate against Plaintiff in 2012 and YSU's decision not to renew Plaintiff's employment contract in 2015. He first contests, as he did on summary judgment, that YSU's first opportunity to retaliate against Plaintiff was in 2015, not 2012. ECF No. 62 at PageID #: 4848. Plaintiff insists that, under the circumstances, the relevant date is the first date on which YSU Provost Martin Abraham could retaliate against him. *Id.* Because YSU did not appoint Abraham to the position of Provost until October 2014, Plaintiff claims that Abraham could not have retaliated against him until Plaintiff's contract was up for renewal in 2015. *Id.*

Though Plaintiff argued in opposition to Defendants' Motion for Summary Judgment that YSU's first opportunity to retaliate against him was in 2015, he did not base his argument on YSU's change in leadership. Rather, Plaintiff argued that YSU did not have an opportunity to retaliate against Plaintiff until YSU's obligation to provide Plaintiff health care benefits expired. ECF No. 50 at PageID #: 4581. The Court rejected the argument. ECF No. 59 at PageID #: 4819-20. Plaintiff's attempt to bring forth an alternative argument he failed to develop in opposition to Defendants' Motion for Summary Judgment is improper on a Rule 59(e) motion.[1]

---

[1] Nor would it succeed on the merits. Abraham's appointment to the position of Provost in October 2014, absent any evidence of Abraham's retaliatory animus, does not show causation.

3

(4:17CV2322)

Plaintiff also argues that the three-year gap between YSU's first opportunity to retaliate against Plaintiff and YSU's decision not to renew Plaintiff's employment contract should not have been dispositive. "[M]ultiyear gaps between the protected conduct and the first retaliatory act have been insufficient to establish the requisite causal connection." *Fuhr v. Hazel Park Sch. Dist.*, 710 F.3d 668, 676 (6th Cir. 2013). "A lack of temporal proximity alone can be fatal to an attempt to establish a causal connection[.]" *Id.*

Some courts within the circuit have found, in extraordinary instances, that a multi-year gap does not preclude a finding of causal connection. *See, e.g.*, *Mink v. Passport Health Commc'ns, Inc.*, No. 3:12-CV-00446, 2013 WL 4008705, at *13 (M.D. Tenn. Aug. 5, 2013) (five-year gap not dispositive because of evidence that the decisionmaker, upon resuming her supervision of the plaintiff, called the plaintiff's co-worker "searching for reasons to justify firing" her); *Brabson v. Sears, Roebuck & Co.*, No. 3:14-CV-336, 2016 WL 5947469, at *10 (E.D. Tenn. Oct. 13, 2016) (causation despite nearly two years between protected activity and termination when the plaintiff produced evidence that her supervisor attempted to drive her to voluntarily resign during that timeframe).

None of the evidence Plaintiff produced in opposition to summary judgment suggests that this is an exceptional case in which the three-year gap is not dispositive of Plaintiff's retaliation claim. Plaintiff claims Abraham was the "sole decision-maker" in non-renewing his employment contract in 2015. ECF No. 62 at PageID #: 4841. Abraham's awareness of "displeasure amongst some of the faculty" upon Plaintiff's return to work and his statement to then-Interim Dean Gregg Sturrus that Plaintiff's "years of reinstatement . . . were finished" (*Id.* at PageID #: 4849)

4

(4:17CV2322)

are not evidence of Abraham's retaliatory animus. Without providing evidence of retaliatory animus, Plaintiff cannot establish a causal link bridging a three-year gap. Accordingly, the Court finds that summary judgment on this ground was proper.

**B. Plaintiff's Retaliation Claim for Lecturer, School of Technology - First Year Engineering Technology**

Plaintiff correctly alleges that he opposed summary judgment with respect to his Title VII retaliation claim for failure to hire into the position of Lecturer, School of Technology - First Year Engineering Technology. The Court addresses Plaintiff's claim below.

**C. Plaintiff's Motion to Supplement**

Plaintiff claims the Court erred by denying his motion for leave to supplement his complaint under Fed. R. Civ. P. 15(d) with claims for retaliation under both Title VII and Title IX for failures to hire into the positions of Lecturer, School of Technology - First Year Engineering Technology and Lecturer, Math and Statistics. ECF No. 62 at PageID #: 4851-54.

Plaintiff does not contest that he has not exhausted his administrative remedies for his proposed Title VII retaliation claims for failures to hire into the positions of Lecturer, School of Technology - First Year Engineering Technology and Lecturer, Math and Statistics. Plaintiff nonetheless contends that, because Defendants "would not oppose 'waiving' Plaintiff's administrative exhaustion requirement" (ECF No. 63 at PageID #: 4866) and Plaintiff "agrees to waive any administrative exhaustion requirement" (ECF No. 64 at PageID #: 4873), the Court should grant Plaintiff leave to supplement his complaint with these claims.

The Sixth Circuit has held that the administrative exhaustion of a Title VII claim is not jurisdictional. *Adamov v. U.S. Bank Nat. Ass'n*, 726 F.3d 851, 856 (6th Cir. 2013). Under Sixth

5

(4:17CV2322)

Circuit precedent, this requirement is therefore subject to equitable doctrines, such as waiver. *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 309 (6th Cir. 2000); *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (the timely filing of a charge of discrimination with the EEOC is not a jurisdictional prerequisite and is subject to waiver, estoppel, and equitable tolling).

This does not mean that the Court must permit waiver of the administrative exhaustion requirement. The Supreme Court recently granted a petition for writ of *certiorari* to address whether Title VII's administrative exhaustion requirement is a claim-processing rule that can be waived, as the majority of circuits, including the Sixth Circuit, have held, or a jurisdictional prerequisite to suit. *Fort Bend Cty., Tex. v. Davis*, 139 S. Ct. 915 (2019). The matter is pending. A ruling for the petitioner in *Davis* would divest the Court of its jurisdiction over Plaintiff's two proposed Title VII claims. Without jurisdiction, the Court cannot permit waiver of Plaintiff's failure to exhaust his administrative remedies and allow him to proceed to the merits of his claims. The Court therefore declines to permit waiver of Plaintiff's obligation to administratively exhaust his remedies. Plaintiff's proposed supplemental Title VII claims shall remain under the jurisdiction of the EEOC.[2]

Finally, Plaintiff has not shown that the Court erred by denying his motion for leave to supplement his complaint with retaliation claims under Title IX. Plaintiff testified at his deposition on June 27, 2018 that he knew he was not hired for the positions of Lecturer, School

---

[2] Should he choose to do so, Plaintiff can litigate the Title VII claims after the EEOC's administration.

6

(4:17CV2322)

of Technology - First Year Engineering Technology and Lecturer, Math and Statistics. ECF No. 59 at PageID #: 4821. Nonetheless, Plaintiff did not file his motion for leave to file a supplemental complaint until December 24, 2018. Id. At no point does Plaintiff explain why he waited six months to file his motion. By the time Plaintiff finally filed his motion for leave, the discovery cutoff and dispositive motion cutoff had passed, and Defendants' motion for summary judgment had been pending for nearly two months.

As Plaintiff notes, Title IX does not require administrative exhaustion. *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 255 (2009). Plaintiff therefore could have sought leave to amend to add his Title IX retaliation claims immediately after being on notice of the facts in support of his claims. He did not. Nor has he provided any explanation in his briefing of his delay in seeking leave to amend. Though the parties conducted discovery and briefed the issue of Title VII retaliation for failure to hire into the positions of Lecturer, School of Technology - First Year Engineering Technology and Lecturer, Math and Statistics (ECF No. 64 at PageID #: 4878), Plaintiff is seeking to introduce a new legal theory, Title IX retaliation, well after Defendants filed their summary judgment motion. Permitting Plaintiff to tack on a new legal theory at this stage of litigation would be inherently prejudicial against Defendants. Finally, because Plaintiff's proposed supplemental Title VII claims remain under the jurisdiction of the EEOC, it would favor judicial economy for Plaintiff's Title IX claims to be litigated concurrently with Plaintiff's Title VII claims for failure to hire into the same two positions, following administrative exhaustion of the Title VII claims.

7

(4:17CV2322)

Accordingly, the Court finds that Plaintiff's motion for leave to supplement his Complaint was properly denied.

## II.

Rule 54(d) provides that "[u]nless a federal statute, these rules, or court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule creates a presumption in favor of awarding costs to the prevailing party. *Knology, Inc. v. Insight Commc'ns Co., L.P.*, 460 F. 3d 722, 726 (6th Cir. 2006) (quoting *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001)). The party objecting to the imposition of costs bears the burden of persuading the court that the imposition is improper. *Freeman v. Blue Ridge Paper Products, Inc.*, 624 F. App'x 934, 938 (6th Cir. 2015) (citing *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 406 F.3d 415, 420 (6th Cir. 2005)).

Defendants seek costs from Plaintiff in the amount of $6,533.45. ECF No. 61 at PageID #: 4825. Defendants' incurred costs are itemized and supported by evidence that the costs were actually incurred in defending the action. ECF Nos. 61-1 & 61-2. Plaintiff has not filed an opposition to Defendants' motion, and his time to do so has passed.

Accordingly, the Court grants Defendants' Motion for Taxation of Costs.

## III.

For the foregoing reasons, Plaintiff's motion for reconsideration (ECF No. 62) is granted in part. Plaintiff did not abandon his Title VII retaliation claim for failure to hire into the position of Lecturer, School of Technology - First Year Engineering Technology. Plaintiff's

(4:17CV2322)

motion is otherwise denied.  Defendants' motion for taxation of costs ([ECF No. 61](#)) is granted.

Plaintiff is ordered to pay Defendants $6,533.45 in costs.


    IT IS SO ORDERED.


|   May 31, 2019   |   */s/ Benita Y. Pearson*   |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |